[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR PREJUDGMENT INTEREST
This is an uninsured motorist case in which the plaintiff, Margaret Richardson, sued her own insurance company, Allstate Indemnity Company, for uninsured motorist benefits. The plaintiff obtained a verdict in the amount of $65,604, reduced to $20,000 which was the policy limit under the policy in question. The plaintiff had filed an offer of judgment in the amount of $15,000 and now seeks prejudgment interest on $20,000 amounting to $5600.00, under C.G.S § 52-192a. The defendant had paid the policy limit of $20,000 together with taxable costs, but refuses to pay prejudgment interest on the ground the such would constitute additional damages, which are limited to $20,000 under the policy. CT Page 9487
The issue is whether prejudgment interest under § 52-192a
constitutes damages which are limited to $20,000 under the defendant's policy.
While the parties agree that there are no Connecticut cases squarely in point under the circumstances of this case, there are Connecticut cases in which the language of the court leads this court to a conclusion which it feels would be sustained by our Supreme Court.
In the case of Paine Weber Jackson Curtis v. Winters,22 Conn. App. 640, the plaintiff brought suit in Connecticut against the defendant to collect on two promissory notes totaling $300,000, both of which were interest free. The plaintiff had filed a timely offer of judgment under C.G.S. § 52-192a in the amount of $295,000. Upon recording of judgment in the amount of $440,000 for damages, attorneys fees and costs, the plaintiff moved for an award of interest under C.G.S. § 52-192a. Since the notes were executed in New York, and provided for no interest, the Connecticut trial court concluded that New York law applied and governed the parties contractual rights and duties, the measure of recovery, and whether such recovery included prejudgment interest. Since the promissory notes in question specified no interest, the Connecticut court concluded it had no authority to apply C.G.S. § 52-192a.
Upon appeal, our Appellate Court disagreed that interest awarded under C.G.S. § 52-192a is an award of interest on a debt or that the determination of substantive contract and liability issues is involved. The Appellate Court found the issue in the Paine Weber to be whether an award of interest on a verdict in excess of a rejected offer required a substantive determination of the merits of the claim.
Our Appellate Court found C.G.S. § 52-192a to be a procedural rule, punitive in nature, and enacted to promote fair and reasonable pretrial compromises of litigation. Paine Weber,supra at pg. 651. The Appellate Court went on to state at pg 655, that it would "not permit the defendant to avoid [its] decision to ignore the plaintiff's offer of judgment merely because [its] contract obligations were made in another state. Section 52-192a
imposes a penalty for wasting this state's judicial resources: Our conclusion here that C.G.S. § 52-192a is an indigenous procedural device for promoting judicial economy . . ." The court then sent on to overrule the trial court's rejection of CT Page 9488 prejudgment interest under § 52-192a. Our Supreme Court denied certiorari 216 Conn. 820.
In a Federal District Court case in Connecticut Insurance Coxv. Peerless, 774 F. Sup. 83, the plaintiff had brought suit against a tortfeasor's insurance company and had filed an offer of judgment. The tortfeasor's liability policy limit was $50,000 and after a verdict in excess of the policy limit, the plaintiff claimed interest under § 52-192a.
The court stated at page 86, "the purpose of this statute is to encourage settlement" — " Therefore, an award of prejudgment interest does not arise out of the action's underlying controversy and is not taxed to the defendant's policy's $50,000 limit of liability as `damages' but rather is an expense associated with `defense costs' and strategy of the case."
From these cases, the plaintiff argues that the defendant's policy limit of $20,000 for bodily injure to any one person for damages is unrelated to the prejudgment interest under § 52-192a
because such is only interest for failing to terminate litigation.
The defendant has argued that an award of prejudgment interest pursuant to § 52-192a should be considered as damages, hence, should be limited by the policy. Cited as authority for the defendant's position is the treatise, Connecticut Law of Uninsured and Underinsured Motorist Coverage in which the author comments that "any award of prejudgment interest is included within the term `damage' — and should not allow a claimant to `collect a total award in excess of the policy limits.'"
The author cites as authority for his position, the case ofLaRose v. Windsor Insurance Co. 16 CONN. L. RPTR. 412, a New London Superior Court case. This case can not be considered as authority for the proposition that prejudgment interest is damage since it only involved the element of costs which the court (Hendel) decided was not restricted to the policy limits.
Each party has cited a number of cases outside of this jurisdiction in support of its position, the issue generally being whether prejudgment interest is or is not held to be damages. This court favors the position taken by those cases which like Paine Weber Jackson Curtis v. Winters, supra and Cox
CT Page 9489v. Peerless Insurance, supra, reasoned that prejudgment interest under § 52-192 was intended to encourage settlements and provide an additional incentive to avoid trials, was not intended to increase a plaintiff's damages, but rather to be considered an expense associated with "defense costs" and strategy of the case.
The court finds in this case that C.G.S. § 52-192 is unrelated to the substantive issues of the case, that since the verdict exceeded the plaintiffs' offer of judgment the defendant is subject to additional interest as a penalty for failing to terminate litigation, and that such award of interest is not damages limited to the defendant's policy limits of $20,000.
Judgment may enter in favor of the plaintiff to recover an amount of $5,600 in addition to the verdict amount of $20,000 plus costs, which has already been paid.
MILTON H. BELINKIE JUDGE TRIAL REFEREE